UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Raymond L. Semler,   Court File No. 18-cv-3220 (WMW/LIB)

        Plaintiff,

v.   **REPORT AND RECOMMENDATION**

Eastbay Inc. et al.,

        Defendants.

---

This matter comes before the undersigned United States Magistrate Judge upon Defendant Eastbay's Motion to Dismiss, [Docket No. 5], which was referred to the undersigned by the Honorable Wilhelmina M. Wright. (Order of Reference [Docket No. 10]).

For the reasons discussed below, the Court recommends that: (1) Defendant Eastbay's Motion to Dismiss, [Docket No. 5], be **GRANTED** in part and **DENIED** in part; (2) that the District Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims; and (3) that Plaintiff's remaining state law claims be **REMANDED** to the Second Judicial District Court, Ramsey County, State of Minnesota.

**I.  PROCEDURAL HISTORY**

Plaintiff, Raymond L. Semler, initiated the present action on September 21, 2018, by filing his pro se Complaint, in the State of Minnesota's Second Judicial District Court. (Notice of Removal [Docket No. 1]). On October 22, 2018, this case was removed to the District of Minnesota. (Id.).

On November 20, 2018, Defendant Eastbay filed the present Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [Docket No. 5].

On December 3, 2018, the Honorable Wilhelmina M. Wright referred Defendant Eastbay's Motion to Dismiss to the undersigned for Report and Recommendation, and the undersigned issued a briefing schedule. [Docket Nos. 10, 11].

On December 19, 2018, Plaintiff filed his opposition to Defendant's motion. [Docket No. 14]. On January 7, 2019, Defendant filed its reply. [Docket No. 16].

On February 1, 2019, Plaintiff filed an unsolicited letter via CM/ECF addressed to the undersigned providing supplemental authority. [Docket No. 18]. On February 4, 2019, the Court ordered Defendant to respond to the letter. (Order [Docket No. 19]). On February 6, 2019, Defendant responded to Plaintiff's letter. [Docket No. 20]. Thereafter, the Court took Defendant's Motion to Dismiss, [Docket No. 5], under advisement.

## II.   BACKGROUND[1]

Defendant Eastbay is a shoe and clothing company. (Compl., [Docket No. 1-1], at 1). Plaintiff has been a customer of Defendant Eastbay since around 2009. (Id. at 2). Additionally, Plaintiff has been a "Platinum Member" of Defendant Eastbay for the past six to seven years. (Id.). To become a Platinum Member, Plaintiff paid $39.99 annually and, in exchange, would get "Rush Delivery" on all purchases from Defendant Eastbay. (Id. at 2–3).[2] On June 9, 2018, Plaintiff paid his annual fee to renew his Platinum Membership with Defendant Eastbay. (Id. at 2).

On July 7, 2018, Plaintiff alleges that he attempted to place an order with Defendant Eastbay, but he was "not allowed to use his Platinum Membership." (Id.). On July 10, 2018, Plaintiff asked his mother to call Defendant Eastbay and check on the status of his July 7, 2018, order. (Id. at 2). When Plaintiff's mother called Defendant Eastbay, she was allegedly informed of

---

[1] The present background is compiled from Plaintiff's Complaint. [Docket No. 1-1]. See gen., Riley v. St. Louis Cty. of Mo., 153 F.3d 627, 629 (8th Cir. 1998).
[2] Rush Delivery appears to mean overnight or same-day shipping. (Compl., [Docket No. 1-1], at 3).

the following: (1) that per Plaintiff's request, his account with Defendant Eastbay had been closed; (2) that Defendant Eastbay did not have Plaintiff as a member in its system; (3) that Defendant Eastbay does not do business with incarcerated persons; and (4) that Plaintiff's July 7, 2018, order was shipped "Regular Delivery" as opposed to "Rush Delivery." (Id. at 2–3).[3]

On July 17, 2018, Plaintiff called and spoke to a customer service representative at Eastbay. (Id. at 4). The representative allegedly informed Plaintiff that: (1) Plaintiff had three accounts with Defendant Eastbay; (2) Plaintiff's account showed that he had paid his annual Platinum Membership fee, but that it expired one week later; (3) because Plaintiff resided at a correctional facility he was not eligible to be a Platinum Member; and (4) that Defendant Eastbay would not refund his annual membership fee. (Id. at 4–5).

On the basis of these factual allegations, liberally construing the pro se Complaint, Plaintiff asserts claims against Defendant Eastbay for violations of his Fourteenth Amendment rights, the Minnesota's Consumer Fraud Act, and for breach of contract. (See, Compl., [Docket No. 1-1], at 3). Plaintiff also raises state law claims against Defendants Jane and John Does for violating his right to privacy under the Minnesota Government Data Practice Act ("MGDPA") and the Minnesota Health Record Act ("MHRA"). (Id.).

### III. DEFENDANT'S MOTION TO DISMISS. [DOCKET NO. 5].

Defendant Eastbay argues the Fourteenth Amendment does not apply to private, non-state actors, and therefore, Plaintiff's claim thereunder must fail as a matter of law. (Mem. in Supp. [Docket No. 7]). Defendant Eastbay also argues that Plaintiff lacks standing under the Minnesota Consumer Fraud Act because it does not provide for a private cause of action. (Mot. to Dismiss [Docket No. 5]). Defendant Eastbay lastly argues that Plaintiff did not even allege a breach of

---

[3] Plaintiff alleges that Regular Delivery takes somewhere between six and seven days.

contract claim in his pro se Complaint, and therefore, the Court should disregard his breach of contract argument. (Def.'s Reply, [Docket No. 16], at 6).

In opposition to the present motion, Plaintiff argues that Defendant Eastbay was acting in concert with a state actor, and therefore, it can be found to have violated Plaintiff's Fourteenth Amendment rights. (Plf.'s Opp., [Docket No. 14], at 3). Plaintiff also argues that he has standing to bring a claim under the Minnesota Consumer Fraud Act because the statute allows "any person" injured to bring a suit for damages. (Id. at 8).

### A. Standard of Review

When considering a motion to dismiss under Rule 12(b)(6), courts "look only to the facts alleged in the complaint and construe those facts in the light most favorable to the plaintiff." Riley v. St. Louis Cty. of Mo., 153 F.3d 627, 629 (8th Cir. 1998) (citing Double D Spotting Serv., Inc. v. Supervalu, Inc., 136 F.3d 554, 556 (8th Cir 1998)), cert. denied 525 U.S. 1178 (1999). Courts must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F. 3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level," which "requires more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009) (quoting Twombly, 550 U.S. at 556–57). When courts undertake the "context-specific task" of determining whether a plaintiff's allegations "nudge" the claims against a defendant "across the line from conceivable to plausible," they may disregard mere legal conclusions that are couched as factual allegations. See, Iqbal, 556 U.S. at 678–81.

Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted). See, e.g., Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

**B. Analysis**

    **i. Fourteenth Amendment**

In its Motion to Dismiss, Defendant Eastbay argues that Plaintiff has failed to show or even allege that it was a state actor for purposes of pursuing a claim for violation of the Fourteenth Amendment. (Def.'s Mem. in Supp. [Docket No. 7]).

In his Complaint, Plaintiff alleges that Defendant Eastbay unlawfully discriminated against him in violation of his due process rights under the Fourteenth Amendment when Defendant Eastbay cancelled his Platinum Membership. (Compl., [Docket No. 1-1], at 26).

The Fourteenth Amendment exclusively protects individuals against governmental misconduct. See, Montano v. Hedgepeth, 120 F.3d 844, 847 (8th Cir. 1997). It is well-established

that "[t]here is simply no cause of action for a private violation of constitutional privileges in the absence of state action." Daniels v. National City Bank, 947 F.2d 944 (6th Cir. 1991); Krukemyer v. Forcum, 475 F. App'x 563, 566 ("Indeed, there is no constitutional right to be free from harm inflicted by private actors."); Stevens v. Braniff Airways, Inc., 490 F. Supp. 231, 233 (D. Minn. 1980) ("Where a claim is presented under the Fourteenth Amendment, it is well established that plaintiff must show that state action is involved."); McCrory v. Rapides Reg'l Med. Ctr., 635 F. Supp. 975, 980 (W.D. La. 1986) ("Mere private action, no matter how discriminatory or wrongful, does not give rise to a constitutionally based [private] cause of action."); Luther v. Am. Nat. Bank of Minnesota, No. 12-cv-1085 (MJD/LIB), 2012 WL 5471123, at *4 (D. Minn. Oct. 11, 2012). Thus, to successfully assert such a claim, Plaintiff must at the outset plead sufficient facts demonstrating that Defendant Eastbay, in cancelling Plaintiff's Platinum Membership, was acting under the color of state law. See, West v. Atkins, 487 U.S. 42, 48 (1988).

In his opposition to the present motion, Plaintiff generically argues that he has stated a plausible claim for relief because "the allegations in the Complaint have been attributed to the state actors and entities named in the Complaint." (Plf.'s Mem. in Opp. [Docket No. 14], at 1).

However, in the present case, even accepting all of Plaintiff's factual allegations as true, Plaintiff has not made any specific factual allegations that would support the claim that Defendant Eastbay was a state actor or in any way engaged in state action under the Fourteenth Amendment.

Here, Plaintiff simply alleges that Defendant Eastbay unconstitutionally discriminated against him by cancelling his Platinum Membership upon finding out that he was committed to the Moose Lake Facility of the Minnesota Sex Offender Program. (MSOP). Even accepting these factual allegations as true, this still does not show that Defendant Eastbay was a state actor or in any way engaged in state action under the Fourteenth Amendment.

As previously explained, where a claim is asserted under the Fourteenth Amendment, it is well established that Plaintiff must show that state action is involved. See, Jackson v. Metropolitan Edison Co., 419 U.S. 345 (1974). In Sain v. Geske, No. 07-cv-4203 (MJD/AJB), 2008 WL 2811166, at *14 (D. Minn. July 17, 2008), for example, the Court dismissed the plaintiff's Fourteenth Amendment claim against the defendants who were private corporations where the plaintiff failed to allege that the defendants were engaged in state action. In Sain, the plaintiff did not allege any facts that would support a claim that two private defendants were acting under color of state law at any time. Id. at *13. Rather, the plaintiff only alleged that the private defendants were "in cahoots" with the government defendants. Id. The Court ultimately held that the mere conclusory allegation that private defendants had been in contact with the government defendants was insufficient to support a claim that the private defendants were acting under color of state law. Id. Therefore, the Sain Court dismissed the plaintiff's Fourteenth Amendment claim. Id.

In the present case, Plaintiff's Complaint, even liberally construed, only alleges that Defendant Eastbay was contacted by an unidentified person who was employed by the MSOP, and that the unidentified persons informed Defendant Eastbay that Plaintiff resided there, causing Defendant Eastbay to cancel his Platinum Membership pursuant to company policy. (See, Compl., [Docket No. 1-1], at 2).

Similar to Sain, supra, Plaintiff here merely alleges in only the most general terms that Defendant Eastbay had been in contact with an unidentified employee at the MSOP.[4] This mere communication, however, is insufficient to support a claim under the Fourteenth Amendment. See, Sain, 2008 WL 2811166, at *14 (holding that a defendant's merely communicating with

---

[4] Although Plaintiff conclusory alleges that Defendants Jane and John Does contacted Defendant Eastbay, the Court notes that Plaintiff fails to make a specific factual allegation showing that an employer of the MSOP actually contacted Defendant Eastbay. Plaintiff simply operates under the assumption that it must have been an employee of the MSOP because he does not know how else it could have happened. This falls well short even of the assertions in Sain.

7

government officials does not constitute acting under the color of state law). Rather, both liberally construing and accepting Plaintiff's factual allegations as true, at most the pro se Complaint now before the Court shows that Defendant Eastbay was informed by an unidentified employee at the MSOP that Plaintiff resided there, and thereafter, Eastbay enforced its company policy that it disallows individuals residing at a correctional facility to be Platinum Members. Notably absent is any allegation that an unidentified employee at the MSOP directed or in any way controlled Defendant Eastbay's enforcement of its company policy.

Accordingly, none of Plaintiff's allegations support a plausible claim that Defendant Eastbay was at any time a state actor or otherwise acting under the color of state law. In both his memorandum of law and his unsolicited February 1, 2019, letter, Plaintiff cites to cases that he contends show that Defendant Eastbay was a state actor for purposes of the Fourteenth Amendment. Upon review thereof, the undersigned finds none of the cases relied on by Plaintiff to be persuasive.

The first case cited by Plaintiff, Griffin v. Burns, 570 F.2d 1065 (1st Cir. 1978), is inapposite and factually distinguishable from the present case. In Griffin, the plaintiffs brought a civil rights class action under Section 1983 against state election officials for violations of election law. Id. at 1067. There, state election officials invalidated absentee and shut-in ballots during a primary election. Id. at 1078. The Court in Griffin found that because the state election officials invalidated the ballots after first inducing voters to vote in that manner, relief under Section 1983 was appropriate. Id. Notably, Griffin solely involved state election officials and it was not disputed that the state election officials were, in fact, state actors for purposes of the Fourteenth Amendment. Thus, because Griffin involved actual state actors, it is substantially different from the present case.

8

The second case relied on by Plaintiff, Pagan v. Westchester Cnty., 2014 WL 982876 (S.D.N.Y. Mar. 12, 2014), is also factually distinguishable from the present case. In Pagan, one of the defendants, a private company, contracted with the State of New York to provide food services at a jail. Id. at *1. The defendant there argued that it was an independent contractor, as opposed to a state actor. Id. at *24. The Court disagreed, however, and it held that because the jail contracted its duty to provide food to the inmates out to the defendant, the latter was therefore a state actor because it was engaged in performing state action—providing food to inmates. Id. at *25.

Therefore, for all the foregoing reasons, to the extent Defendant Eastbay's Motion to Dismiss pursuant to Rule 12(b)(6) seeks dismissal of Plaintiff's claim alleging discrimination in violation of the Fourteenth Amendment, the Court recommends Defendant Eastbay's Motion to Dismiss, [Docket No. 5], be **GRANTED**.

### ii. Plaintiff's State Law Claims

Remaining before the Court as part of Plaintiff's pro se Complaint, [Docket No. 1-1], are Plaintiff's state law claims against Defendant Eastbay for its alleged violation of the Minnesota Consumer Fraud Act and breach of contract.[5] Plaintiff also raises state law claims against Defendants Jane and John Does, which, liberally construing his Complaint, are apparently unidentified employees of the MSOP who he alleges violated his right to privacy under the Minnesota Government Data Practice Act ("MGDPA") and the Minnesota Health Record Act ("MHRA"). (Compl. [Docket No. 1-1]).

---

[5] Although Defendant Eastbay asserts that Plaintiff raised his breach of contract claim for the first time in his response to Defendant Eastbay's Motion to Dismiss, that does not appear to be accurate. (See, Compl. [Docket No. 1-1], at 6). Liberally construing Plaintiff's Complaint, it can be read as purporting to raise a breach of contract claim against Defendant Eastbay. This Court need not address the merits of that claim as it recommends infra that all remaining state law claims be remanded to the State Court.

In its Motion to Dismiss, Defendant Eastbay requests the Court decide Plaintiff's state law claims on the merits and also dismiss those claims with prejudice. (Mem. in Supp., [Docket No. 7], at 3). The undersigned, however, as discussed below, recommends the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and instead, remand them to State Court.

Supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) by a federal court over state law claims may be exercised at the discretion of the District Court. Glorvigen v. Cirrus Design Corp., 581 F.3d 737, 749 (8th Cir. 2009). "[Supplemental jurisdiction] justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Id. If it appears that state issues substantially predominate, courts have tended towards dismissing said state law claims without prejudice, to be left for resolution by the state courts. Id.

Because this Court recommends dismissing Plaintiff's sole Federal law claim, the Court also recommends that the District Judge decline to exercise supplemental jurisdiction over all the remaining state law claims. See, Gregoire v. Class, 236 F.3d 413, 419–20 (8th Cir. 2000) (stating Federal Courts should exercise judicial restraint and avoid state law issues whenever possible).

Therefore, as the undersigned has already recommended dismissing Plaintiff's only federal law claim, the undersigned further recommends that Plaintiff's state law claims be **REMANDED** to Second Judicial District Court, State of Minnesota.

IV. **CONCLUSION**

Based on the foregoing reasons, all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Defendant Eastbay's Motion to Dismiss, [Docket No. 5], be **GRANTED** in part and **DENIED** in part;

2. Plaintiff's Fourteenth Amendment claim be **DISMISSED** with prejudice; and

3. Plaintiff's remaining state law claims be **REMANDED** to the Second Judicial District Court, State of Minnesota.


Dated: March 4, 2019                                s/Leo I. Brisbois
                                                    Leo I. Brisbois
                                                    U.S. MAGISTRATE JUDGE


**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).